Angelo MARRONE, Individually and as President of the U. S. Immigration and Naturalization Association, and on behalf of all GS–9 Immigrant Inspectors, similarly situated, Appellants,

v.

U. S. IMMIGRATION AND NATURALIZATION SERVICE et al., Appellees.

No. 1029, Docket 73–2631.

United States Court of Appeals, Second Circuit.

Argued May 22, 1974.

Decided June 18, 1974.

Martin L. Rothstein, New York City (Fried, Fragomen & Del Rey, New York City), for appellants.

Jonathan M. Marks, Asst. U. S. Atty. (Edward John Boyd, Acting U. S. Atty., E.D.N.Y.), for appellees.

Before SMITH and TIMBERS, Circuit Judges and TYLER, District Judge.*

* Hon. Harold R. Tyler, Jr., of the Southern District of New York, sitting by designation.

PER CURIAM:

On October 4, 1973, the United States District Court for the Eastern District of New York granted the motion of the defendants-appellees for summary judgment and denying the cross-motion of the plaintiff class for summary judgment in their favor. In substance, the district court ruled that the plaintiff class had not proved its allegations that the Immigration and Naturalization Service ("INS") and the United States Civil Service Commission ("Commission") had abused their discretion in promulgating a revised classification standard for immigration inspectors, grade GS–9. The district court further grounded its order on the proposition that the plaintiff class had not exhausted available administrative remedies. 5 C.F.R. § 501.601 et seq. Although we agree with the district court on the latter point, we conclude that it erred in granting summary judgment to the defendants-appellees dismissing this action. Hence, we reverse the order of the district court and remand this case for further proceedings.

This action was instituted by appellant Angelo Marrone, for himself and on behalf of all GS–9 immigration inspectors of the INS, seeking judicial review and modification of a revised Commission classification standard for immigrant inspectors, grade GS–9. After commencement of the action, the district court entered an order granting plaintiff's application to treat this as a class action; in essence, the class is described as including all immigration inspectors, grade GS–9, on September 24, 1970, or thereafter. In brief, because the classification standard was based upon an inaccurate description of the duties and functions exercised by immigration inspectors, plaintiff class alleges that the promulgation of the standard constituted an arbitrary, unreasonable and capricious action by the Commission and INS.

In January, 1968, after notification of the INS, the Commission commenced a study of the job classification of immigrant inspectors. At the same time, the Commission notified the American Federation of Government Employees, the union which is the bargaining representative for INS inspectors (the "Union"). A little more than a year later, February, 1969, the Commission released a tentative draft of a new classification or standard for immigration inspectors, grade GS–9. Comments were invited from the INS and the Union. Similarly, comments were sought from the National Council of Immigration and Naturalization Employees, which is a branch of the Union. These organizations responded by submitting comments and suggestions. Thereafter, the Commission issued a revised standard retaining the GS–9 classification and including an amended, detailed description of the duties and responsibilities for each grade level within that immigration inspector classification. Not surprisingly, both the Union and the Council objected to this standard and asked for reconsideration. As a result, the Commission permitted the submission of new materials and information by the Union and the Council in early 1970. Finally, on April 17, 1970, the Commission concluded that, notwithstanding the submissions of new information and materials by the Union and the Council, it would adhere to its revised standard, with certain minor changes of language and description which are not here relevant.

Without extended discussion, our review of the record indicates that, contrary to the commands of Rule 56, F.R. Civ.P., summary judgment was granted to the defendants-appellees in the face of clear-cut issues of fact between the parties. By way of illustration, appellants have argued that there were errors of substantial magnitude in the examiner's findings in respect to the duties and exercise of responsibilities of immigration inspectors concerning parole, bonding, and apprehension of alleged criminals. It seems to us that if there is any substance to this and similar claims of plaintiff, it would follow that there are genuine issues of fact as to whether or

not the revised classification was arbitrary and capricious as claimed. It requires no citation of authorities to support the conclusion that summary judgment, therefore, is precluded in this case, at least at this stage. For this reason alone, the aforesaid order of the district court must be and is reversed.

 Notwithstanding, we believe that the district court was correct insofar as it determined that the applicable regulations of the Commission permit, if not require, resort to formal administrative proceedings on plaintiff's claims before the Commission. 5 C.F.R. § 511.-603. In substance, that regulation expressly permits an appeal by an employee such as Marrone or any other member of the class to request a Commission decision as to the appropriate class or grade of his position. Thus, although it is true that there were submissions by the Council and the Union before the Commission adopted the revised standard here in dispute, these informal procedures were no substitute for the administrative appeal procedures embodied in 5 C.F.R. § 511.603. See, also, 5 U.S.C. §§ 5110–5113, 5115, which provisions empower the Commission to adjudicate improper position classifications. It is conceded that neither Marrone [1] nor any other member of the class has availed himself of the administrative remedy here discussed. We conclude, therefore, that the plaintiff class is bound by the general rule requiring exhaustion of administrative remedies when Congress has clearly provided an administrative procedure which is capable of resolving the controversy in question. See, Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947); Burns v. McCrary, 229 F.2d 286 (2d Cir. 1956).

To summarize, we revise the order granting summary judgment to defendants and remand this case to the district court with the direction that an appro-

priate member of the plaintiff class be permitted a reasonable time to raise the issues asserted in this case before the Commission. The district court should retain jurisdiction of this case pending a final determination by that agency.

---

1. We note that Marrone recently has been promoted to a higher grade than GS-9. Arguably, therefore, he may no longer be an appropriate representative of the class in this case—or an appropriate class member to press an administrative appeal.